THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Brandon Barbour,<br><br>Plaintiff,<br>v.<br><br>FNU Guerra, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TEMPORARILY GRANTING MOTION FOR IFP AND ORDERING FILING OF AMENDED COMPLAINT<br><br>Case No. 2:25-cv-00166-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Brandon Barbour who is proceeding *pro se*, filed this action against eight Defendants alleging various civil rights violations and ineffective assistance of counsel.[1] The court temporarily granted Barbour's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915 and stayed the case for screening.[2] As set forth herein, Barbour's complaint fails to state a plausible claim for relief. However, Barbour is permitted to file an amended complaint by October 10, 2025.

## BACKGROUND

Using a form civil rights complaint, Barbour brings this case under 28 U.S.C. § 1983, alleging Defendants violated his civil rights in a variety of ways.[3] All these violations relate to incidents Plaintiff recounts in his complaint as follows.

---

[1] Complaint, ECF No. 1. Mr. Barbour currently has three other civil rights cases pending before this court: *Barbour v. Banda et al.* Case No. 2:25-cv-167 DAO, *Barbour v. Pratt et al.*, Case No. 2:25-cv-168 DAO, and *Barbour v. McChesney et al.* Case No. 2:25-cv-169 CMR.

[2] Order temporally

[3] *See* Complaint.

On the night of May 7, 2023, Plaintiff was stopped by two American Fork police officers for speeding. The officers claimed Barbour "was doing 53 mph in a posted 35 mph."[4] Plaintiff was placed under arrest for getting out of his vehicle and then taken to the police station for breathalyzer and sobriety tests. During the examination of Plaintiff, the officers allegedly "conspired together to find a reason for more charges."[5]

Plaintiff then went to trial. During this process the "public defender … intentionally withheld information from the court proceedings" that would have given a different outcome in the case.[6] The judge, who is also a named Defendant in this matter, "ignored the lack of probable cause, denied any dismissal, and denied Plaintiff's Motion for Stay without any "real factual reasoning."[7] Plaintiff also takes issue with the prosecutor who "held all charges against [Barbour] threw out [sic] the trial process based on no legal cause."[8] The prosecution also allegedly offered multiple deals without even reviewing the evidence.

On the section of the complaint form inviting Barbor to provide which of his rights were violated, Barbour claims state and local officials violated his due process rights and equal protection rights, committed intentional misconduct, engaged in malicious prosecution, denied records, and that he had ineffective assistance of counsel.[9] Barbour fails to explain exactly which defendants violated which of these rights.

---

[4] Complaint at 9.

[5] *Id.*

[6] *Id.* at 10.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 3.

**LEGAL STANDARDS**

When a court authorizes a party to proceed without paying a filing fee, the court must

dismiss the case if it determines the complaint "fails to state a claim on which relief may be

granted" or "seeks monetary relief against a defendant who is immune from such relief."[10]  In

determining whether a complaint fails to state a claim for relief under § 1915, the court uses the

standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure.[11]  To avoid dismissal under this rule, a complaint must allege

"enough facts to state a claim to relief that is plausible on its face."[12]  The court accepts well-

pleaded factual allegations as true and views the allegations in the light most favorable to the

plaintiff, drawing all reasonable inferences in the plaintiff's favor.[13]  But a court need not accept

a plaintiff's conclusory allegations as true.[14]  "A plaintiff must offer specific factual allegations

to support each claim,"[15] and "threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."[16]

Because Barbour proceeds *pro se* without an attorney, his filings are liberally construed

and held "to a less stringent standard than formal pleadings drafted by lawyers."[17]  However, pro

se plaintiffs must "follow the same rules of procedure that govern other litigants."[18] For

example, pro se plaintiffs still have "the burden of alleging sufficient facts on which a

---

[10] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[11] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[12] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[13] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citation modified).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (citation modified).

[17] *Hall*, 935 F.2d at 1110.

[18] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation modified).

recognized legal claim could be based."[19]  Although courts make some allowances for a pro se

plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements,"[20] courts

"will not supply additional factual allegations to round out a plaintiff's complaint or construct a

legal theory on a plaintiff's behalf."[21]

## DISCUSSION

Mr. Barbour cites to 42 U.S.C. § 1983 as the basis for his claims. Section 1983 provides a

recovery device for violations of federal rights in certain circumstances.[22]  "To establish a cause

of action under [section] 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a

person acting under color of state law."[23] As explained below, Barbor fails to state a § 1983

claim. Barbour's claims against the officers lack supporting factual allegations and requisite

specificity, prosecutorial immunity bars claims against the prosecutor, judicial immunity bars

claims against the judge in this case, and under the *Rooker-Feldman* doctrine (if a judgment has

been entered) or the *Younger* abstention doctrine (if the cases are ongoing) this court lacks

jurisdiction to adjudicate claims seeking review of state court judgments."[24]

First, Barbour's official-capacity claims against the Defendant officers fail because

Plaintiff does not identify any official policy or custom giving rise to a constitutional injury.[25]

---

[19] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (citation modified).

[20] *Hall*, 935 F.2d at 1110.

[21] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation modified).

[22] See 42 U.S.C. § 1983; *see also Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (describing § 1983 generally).

[23] *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[24] *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1982); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923)).

[25] *See Fisher v. Koopman*, 693 F. App'x 740, 746 (10th Cir. 2017) (unpublished) ("An official capacity suit against a municipal official like a police officer is treated as a suit against the municipality.").

Any individual-capacity claims also fail because Plaintiff offers no factual development or explanation supporting the conclusory allegations that the officers conspired together to bring more charges, were falsifying claims that Barbour was speeding, or acting in any other outrageous manner. To state a claim in federal court, Barbour "must offer specific factual allegations to support each claim."[26] Barbour's unsupported and conclusory allegations that the officers violated his civil rights are insufficient.

Next, a "prosecutor enjoys absolute immunity from suit under 42 U.S.C. § 1983 when acting within his or her jurisdictional scope."[27] Nothing before the court indicates the prosecutor here was not acting within the jurisdictional scope of their responsibilities. "A prosecutor acts within the prosecutorial function anytime he or she is involved in the judicial process, i.e., presenting the state's case."[28] Based on the current record, this is exactly what occurred in the underlying matter.

A similar outcome is mandated for Judge Porter who presided over Plaintiff's proceedings. A judge is generally immune from suit for money damages or under § 1983 provided the judge has not acted in clear absence of all jurisdiction.[29] Nothing in Plaintiff's Complaint indicates judicial immunity should not apply in this instance.

---

[26] *Kan. Penn Gaming, LLC*, 656 F.3d at 1214; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555)).

[27] *Summers v. Sjogren*, 667 F. Supp. 1432, 1434 (D. Utah 1987); *see also Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1975) (state prosecuting attorney's use of perjured testimony does not give rise to suit under § 1983 because of immunity).

[28] *Id.* at 1434.

[29] *See Vasquez v. Arnold*, 48 F.3d 1233, 1995 WL 91148, at *1 (10th Cir. 1995) (collecting cases); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (judge generally immune from suit for money damages); *Stump v. Sparkman*, 435 U.S. 349, 356-360 (1978) (judge immune from suit under 1983 provided he has not acted in "clear absence of all jurisdiction"); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir.1994) (same)

Finally, Plaintiff named James Tucker Hansen of Hansen Law and Stevens Gailey as Defendants in both their individual and official capacities. Other than naming these individuals there is little more factual averments offered. The court presumes that Mr. Hansen, who is an attorney, was involved in the trial process. It is unclear from Plaintiff's allegations if Mr. Hansen was the prosecutor. In similar fashion, it is unknown exactly how Mr. Gailey was involved in the case. The court's own research indicates Mr. Gailey is also an attorney and may have represented Plaintiff during the trial process. Plaintiff's allegations fail as to either official or individual claims against these Defendants.

For these reasons Barbour's Complaint is subject to dismissal.[30] However, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend."[31] Plaintiff's case comes very close to outright dismissal under this obvious standard. Yet, because Barbour is proceeding *pro se*, the court will afford him an opportunity to amend his Complaint.

## CONCLUSION AND ORDER

Based the court orders as follows:

1. Plaintiff's Motion for Lave to Proceed *in forma pauperis* is TEMPORARILY GRANTED.

2. Barbour may file an amended complaint by **October 10, 2025.** The words "Amended Complaint" should appear in the caption of the document.

---

[30] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

[31] *See Kay*, 500 F.3d at 1217.

3.  Barbour is advised that an amended complaint will completely replace all prior versions
    of the complaint. Claims which are not realleged in the amended complaint will be
    deemed abandoned.[32]

4.  Once filed, the court will screen the amended complaint under 28 U.S.C. §1915 and
    DUCivR 3-2(b).

5.  Other than an amended complaint, the restriction on filing other documents set forth in
    the court's March 3, 2025, order remains in place.[33]

6.  Failure to file an amended complaint may result in dismissal of this action.

IT IS SO ORDERED.

DATED this 12 September 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[32] *See Pierce v. Williams*, No. CIV 20-284, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020)
(unpublished) ("An amended complaint completely replaces the original complaint and renders the original
complaint of no legal effect." (citation modified)).

[33] ECF No. 5.