THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Brandon Barbour,<br><br>    Plaintiff,<br>v.<br><br>FNU Guerra, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR IFP AND DISMISSING AMENDED COMPLAINT<br><br>Case No. 2:25-cv-00166-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

  Brandon Barbour who is proceeding *pro se*, filed this action alleging various civil rights violations and ineffective assistance of counsel.[1] The court temporarily granted Barbour's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915 and stayed the case for screening.[2] The court screened Barbour's Complaint and after setting forth its deficiencies, ordered Plaintiff to file an amended complaint.[3] Barbour filed an Amended Complaint on October 10, 2025.[4] As set forth herein, Barbour's Amended Complaint still fails to state a plausible claim for relief. The court therefore dismisses this matter and grants the Motion for Leave to Proceed *in forma pauperis*.[5]

---

[1] Complaint, ECF No. 1. Mr. Barbour currently has three other civil rights cases pending before this court: *Barbour v. Banda et al*. Case No. 2:25-cv-167 DAO, *Barbour v. Pratt et al*., Case No. 2:25-cv-168 DAO, and *Barbour v. McChesney et al*. Case No. 2:25-cv-169 CMR.

[2] Order Temporarily Granting Motion for Leave to Proceed in forma pauperis, ECF No. 5.

[3] Memorandum Decision and Order, ECF No. 8.

[4] Amended Complaint, ECF No. 9. The Amended Complaint names as Defendants Officer Tavo Guerra, Officer Jake Laycock, Officer Zach Hansen, Officer Ethan Simmons, Officer Cayden Booth, Judge Dennis Porter, Prosecutor James Hansen, Public Defender H.D. Gailey, the City of American Fork, and the Utah Driver License Division.

[5] ECF No. 2.

## BACKGROUND

Barbour initially used a form civil rights complaint bringing this case under 28 U.S.C. § 1983, alleging Defendants violated his civil rights in a variety of ways.[6] Plaintiff's Amended Complaint is in all material respects identical to his original Complaint. "Plaintiff brings this civil rights action under 42 U.S.C. § 1983 for violations of the Fourth, Sixth, and Fourteenth Amendments, denial of access to courts under the First and Fourteenth Amendments, and municipal liability under Monell."[7] According to Plaintiff, all these alleged violations, arise from "from an unlawful traffic stop, DUI arrest, and prosecution in American Fork, Utah …."[8] Plaintiff's Amended Complaint provides as follows.

On May 7, 2023, Plaintiff was stopped for speeding. Plaintiff was "lawfully driving … 53-mph in a 35-mph zone."[9] During the stop, Defendant Officer Layclock claimed to smell alcohol although the claim was "uncorroborated and implausible" according to Barbour.[10] The Officers administered "approximately seven separate tests" before obtaining results. Despite the problems with testing, and Plaintiff "chewing his fingernails and placing fingers in his mouth less than two minutes before the final test", the Officers and Prosecutor used the .110 blood alcohol result as reliable evidence.[11] Plaintiff admitted to consuming "a shot and a beer" but the "tainted Intoxilyzer and odor claim" failed to establish "corpus delecti."[12]

---

[6] *See* Complaint, ECF No. 1.

[7] Amended Complaint at 1, ECF No. 9.

[8] *Id.*

[9] *Id.* at 10.

[10] *Id.* at 2.

[11] *Id.* at 2-3.

[12] *Id.* at 3. Corpus delicti is a Latin phrase that in English means "the body of the crime." The phrase is interpreted to require a "body" of evidence needed in establishing a crime.

Barbour claims multiple issues with the traffic stop and at trial, where presumably he was convicted. First, there was no probable cause to initiate the traffic stop and any subsequent search and seizure violated the Fourth Amendment. Next, he sought to stay the court proceedings, but Judge Porter denied the stay as untimely "obstructing [Plaintiff's] appellate rights."[13] Third, there were problems with the evidence at trial and his counsel allowed the state to present tainted evidence. Fourth, Plaintiff's counsel, Defendant Gailey, told Plaintiff "there's nothing we can do", which aligned his counsel with state actors to present the tainted evidence, including the breath test that was the centerpiece of the state's case.[14] Finally, at sentencing, Judge Porter "denied reinstatement of Plaintiff's license, stating Plaintiff 'put everyone in danger' without evidentiary basis."[15] All of this resulted in Plaintiff losing employment opportunities, incurring fines, impound fees, and suffering reputational harm, emotional distress, and housing instability.

Plaintiff alleges certain Defendants violated the Fourth, Sixth, and Fourteenth Amendments, Monell liability against American Fork, judicial misconduct, fabrication of evidence, and malicious prosecution. Barbour seeks compensatory damages not less than $10,000,000, punitive damages, and "expungement or correction of records resulting from acts found unconstitutional."[16]

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at 6.

granted" or "seeks monetary relief against a defendant who is immune from such relief."[17] In determining whether a complaint fails to state a claim for relief under § 1915, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[18] To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[19] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[20] But a court need not accept a plaintiff's conclusory allegations as true.[21] "A plaintiff must offer specific factual allegations to support each claim,"[22] and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[23]

Because Barbour proceeds *pro se* without an attorney, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[24] However, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[25] For example, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[26] Although courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor

---

[17] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[18] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[19] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[20] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[22] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citation modified).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (citation modified).

[24] *Hall*, 935 F.2d at 1110.

[25] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation modified).

[26] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (citation modified).

syntax and sentence construction, or his unfamiliarity with pleading requirements,"[27] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[28]

## DISCUSSION

Barbour cites to 42 U.S.C. § 1983 as the basis for his claims. Section 1983 provides a recovery device for violations of federal rights in certain circumstances.[29] "To establish a cause of action under [section] 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[30] As explained below, Barbor fails to state a § 1983 claim. Barbour's claims against the officers lack supporting factual allegations and requisite specificity, prosecutorial immunity bars claims against the prosecutor, judicial immunity bars claims against the judge in this case, and under the *Rooker-Feldman* doctrine (if a judgment has been entered) or the *Younger* abstention doctrine (if the cases are ongoing) this court lacks jurisdiction to adjudicate claims seeking review of state court judgments."[31]

First, Barbour's official-capacity claims against the Defendant officers fail because Plaintiff does not identify any official policy or custom giving rise to a constitutional injury.[32] Any individual-capacity claims also fail because Plaintiff offers no factual development or explanation supporting the conclusory allegations that the officers conspired together to bring

---

[27] *Hall*, 935 F.2d at 1110.

[28] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation modified).

[29] *See* 42 U.S.C. § 1983; *see also Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (describing § 1983 generally).

[30] *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[31] *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1982); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923)).

[32] *See Fisher v. Koopman*, 693 F. App'x 740, 746 (10th Cir. 2017) (unpublished) ("An official capacity suit against a municipal official like a police officer is treated as a suit against the municipality.").

more charges, were falsifying claims that Barbour was speeding, or acting in any other outrageous manner. To state a claim in federal court, Barbour "must offer specific factual allegations to support each claim."[33] Barbour's unsupported and conclusory allegations that the officers violated his civil rights are insufficient.

Next, a "prosecutor enjoys absolute immunity from suit under 42 U.S.C. § 1983 when acting within his or her jurisdictional scope."[34] Nothing before the court in Plaintiff's Amended Complaint indicates the prosecutor here was not acting within the jurisdictional scope of their responsibilities. "A prosecutor acts within the prosecutorial function anytime he or she is involved in the judicial process, i.e., presenting the state's case."[35] Based on the current record, this is exactly what occurred in the underlying matter.

A similar outcome is mandated for Judge Porter who presided over Plaintiff's proceedings. A judge is generally immune from suit for money damages or under § 1983 provided the judge has not acted in clear absence of jurisdiction.[36] Nothing in Plaintiff's Complaint indicates judicial immunity should not apply in this instance. Further, "[a] long line of [Supreme Court] precedents acknowledge[] that, generally, a judge is immune from a suit for money damages."[37]

---

[33] *Kan. Penn Gaming, LLC*, 656 F.3d at 1214; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555)).

[34] *Summers v. Sjogren*, 667 F. Supp. 1432, 1434 (D. Utah 1987); *see also Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1975) (state prosecuting attorney's use of perjured testimony does not give rise to suit under § 1983 because of immunity).

[35] *Id.* at 1434.

[36] *See Vasquez v. Arnold*, 48 F.3d 1233, 1995 WL 91148, at *1 (10th Cir. 1995) (collecting cases); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (judge generally immune from suit for money damages); *Stump v. Sparkman*, 435 U.S. 349, 356-360 (1978) (judge immune from suit under 1983 provided he has not acted in "clear absence of all jurisdiction"); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir.1994) (same)

[37] *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (collecting cases).

Plaintiff names Stevens Gailey as a Defendant in both his individual and official capacities. Mr. Gailey is an attorney and who represented Plaintiff during the trial process. Plaintiff's allegations fail as to either official or individual claims against him.

Finally, to the extent that Plaintiff's claims relate to those ongoing proceedings, they are barred by the *Younger*[38] abstention doctrine and to the extent Plaintiff is appealing the decision against him in state court that is prohibited by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that most federal courts lack jurisdiction to adjudicate claims seeking review of state court judgments.[39] The exception being the Supreme Court may hear such cases. The *Rooker-Feldman* doctrine precludes cases brought by state court losers complaining of injuries caused via state court judgments rendered before the federal district court proceedings commenced.[40] A review of a state court judgment must proceed to the state's highest court, and then be brought before the United States Supreme Court pursuant to 28 U.S.C. § 1257.[41] A claim that is "inextricably intertwined" with a state court judgment is also barred by the *Rooker–Feldman* doctrine.[42] Such claims may be dismissed with prejudice as recently held by the Tenth Circuit.[43] To the extent that each of the Plaintiffs claims are an appeal from their state court judgments, those claims are be dismissed under the *Rooker-Feldman* doctrine.

---

[38] *Younger v. Harris*, 401 U.S. 37 (1971).

[39] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

[40] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[41] *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

[42] *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007). *See also Wideman v. Colorado*, 242 F. App'x 611, 614 (10th Cir. 2007) (finding appellant's claims barred by Rooker-Feldman doctrine because they were "little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him" in state court).

[43] *King v. Marquez*, No. 25-1259, 2025 WL 2758045, at *2 (10th Cir. Sept. 29, 2025) (dismissing a plaintiff's action with prejudice as it violated the *Rooker-Feldman* doctrine).

For these reasons Barbour's Amended Complaint is subject to dismissal.[44] There is nothing in the facts before the court that provide a viable claim.

## ORDER

Plaintiffs' Motion to Proceed *in forma pauperis* is GRANTED.[45] Plaintiff's Amended Complaint is dismissed under 28 U.S.C. § 1915 for failing to state a claim upon which relief may be granted, and for being frivolous under the *Rooker-Feldman* doctrine.[46]

IT IS SO ORDERED.

DATED this 4 December 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[44] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

[45] ECF No. 2.

[46] *See King*, 2025 WL 2758045 at *2.